Robert J. McNelly, Esquire                                   Attorneys for Plaintiff
Attorney I.D. #84898                                         Sommer Miller
McNelly Law Group
1415 S. Collegeville Road, Suite B
Collegeville, PA 19426
Phone (610) 331-0272

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Sommer Miller** | : | |
| **Plaintiff** | : | |
| | : | **CIVIL ACTION NO: 21-619** |
| **v.** | : | |
| | | |
| **The City of Philadelphia,** | : | |
| **The City of Philadelphia Sheriff's** | : | |
| **Office and** | : | |
| **Sheriff Rochelle Bilal** | : | |
| | : | |
| **Defendants** | : | |
| | : | **Jury Trial Demanded** |

## COMPLAINT

**AND NOW**, Plaintiff Sommer Miller, by and through her attorneys, McNelly Law Group, complains against Defendants, The City of Philadelphia ("the City"), The City of Philadelphia Sheriff's Office ("the Sheriff's Office") and Sheriff Rochelle Bilal ("the Sheriff") (hereafter collectively referred to as "Defendants") and in support thereof avers as follows:

## JURISDICTION AND VENUE

1.      Jurisdiction over Plaintiff's federal claims is proper under 28 U.S.C. § 1331. Any claims arising under state law are properly before this Court pursuant to 28 U.S.C. § 1367.

2.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiff's claims occurred within this District, and Defendants conduct business in this

District.

## PARTIES

3.      Plaintiff Sommer Miller ("Ms. Miller" or "Plaintiff") is an individual currently residing in Bala Cynwyd, PA.  Ms. Miller was employed by Defendants from on or about January 2020 through on or about August 26, 2020.

4.       At all relevant times, Ms. Miller was and is a member of the protected class of gender under federal and state laws.

5.      Defendant, the City, is a is political subdivision, governmental unit, and/or entity organized and existing under the laws of the Commonwealth of Pennsylvania with an office for the conduct of governmental affairs located at One Parkway Building, 17th Floor, 1515 Arch Street, Philadelphia, PA 19102-1595. The City acts, *inter alia,* by and through the employees, supervisors, public officials and policy makers of all various departments and agencies of the City, including the Sheriff's Office.

6.      Defendant, the Sheriff's Office, is a political subdivision, governmental unit, and/or entity organized and existing under the laws of the Commonwealth of Pennsylvania with an address at 100 South Broad Street, Philadelphia, PA.

7.      Defendant, the Sheriff, at all times relevant to the allegations of this Complaint, is employed as and is the Sheriff of the City of Philadelphia.

8.      Defendant, the Sheriff is being sued both in her individual/personal and professional capacity. At all relevant times, the Sheriff was acting in the course of her employment and under the color of state and federal law.

## FACTS

9.      Ms. Miller began her job as Undersheriff, Chief Legal Officer for the Sheriff's

Office in January 2020.

10.     During her tenure, Plaintiff was retaliated against and subjected to sex discrimination, retaliation, adverse employment actions, including loss of job duties, intolerable work conditions, and ultimately, constructive discharge from her employment.

11.     During Ms. Miller's employment, she was subject to adverse treatment based upon her sex including being told that she and other female coworkers were not liked because they had bad reputations.

12.     Defendants created a culture that fostered hostility against women, including Plaintiff.

13.     Ms. Miller advised the Sheriff several times that she needed to terminate the Chief of Staff, Wendell Reed, because of his sexual harassment of other employees, including Anitra Paris.

14.     After Ms. Miller reported the sexual harassment and her recommendations, Human Relations no longer reported to Ms. Miller.

15.     Plaintiff was hired to overhaul the Sheriff's Office but soon found that, when she reported improper and/or illegal behaviors or incidents, she was subjected to adverse employment actions.

16.     Upon accepting the position with the Sheriff's Office Ms. Sommer's duties included managing the civilian departments of the Sheriff's Office, including Accounting, Real Estate, Civil Enforcement, Human Resources, Public Information and Internal Affairs.

17.     Ms. Miller was informed that the Office needed a serious overhaul after the management of the previous administration, and she was expected to make broad sweeping changes to "make things right."  Specifically, the former administration had mismanaged funds,

had a bevy of sexual harassment lawsuits, guns may have been missing from the armory and the Office was seriously understaffed.

18.     During her employment Plaintiff began the task of attempting to assess the deficiencies and manage the day-to-day operations of the organization.  During Ms. Miller's tenure she uncovered many practices that needed correcting as well as several illegal or unethical practices.

19.     As Ms. Miller brought these matters to the attention of the Sheriff, she would then remove said department from Ms. Miller's oversight.

20.     Ms. Miller complained that the department was spending far too much money on advertising.

21.     Additionally, Ms. Miller discovered the Director of Advertising was stealing and reported this information to the Sheriff, Internal Affairs, The City Legal department, The Inspector General, and the District Attorney.

22.     Shortly after Ms. Miller reported that the Director of Advertising was stealing, she was removed from managing the real estate department.

23.     Another serious deficiency in the Office was that the prior administration was spending money from the Sheriff's sale for unauthorized expenses.

24.     Ms. Miller advised the Sheriff to stop the practice and started the process of changing it.

25.     Ms. Miller set up several trainings for procurement.

26.     The day after procurement training, Ms. Miller was removed from overseeing the procurement department and any projects.

27.     Ms. Miller had to intervene on another employee's behalf when the Sheriff's violation of COVID-19 quarantine policies were called into question.

28.     As Ms. Miller continued to advise the Sheriff of improper and/or illegal conduct, tensions began to mount, and the Sheriff was openly hostile to Ms. Miller in meetings.

29.     In July Ms. Miller discovered that the Sheriff was reading and monitoring her emails in real time, which only previously was done when they were about to terminate someone.

30.     On or about Thursday August 6, 2020 Ms. Miller overheard Sheriff on the phone with an FOP representative, Roosevelt, and Roosevelt stated he "heard Anitra Paris and Sommer were getting fired. What's up with that? I like Sommer. I'd represent her."

31.     By early August, Ms. Miller's duties were so diminished that her only assigned task was writing an RFP for tech services.

32.     By August 12, 2020 Defendants had intentionally created and knowingly permitted working conditions that were so intolerable that Plaintiff had no reasonable alternative but to resign by giving two weeks' notice effective as of August 26, 2020.

## COUNT I

### (Sex Discrimination, Title VII, 42 U.S.C. §2000(e)-2(a)(1))

33.     Plaintiff hereby incorporates by reference paragraphs 1 through 32 above as though fully set forth herein.

34.     During the course of plaintiff's employment, Defendants made adverse job decisions based upon Plaintiff's sex in violation of Title VII, 42 U.S.C. §2000(e)-2(a)(1).

35.     As a direct and proximate result of the Defendants' conduct, the Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain, and Plaintiff has and shall sustain monetary damages including attorneys' and related litigation costs and other damages to be established at the trial of this matter.

**WHEREFORE**, Plaintiff demands Judgment in her favor and against Defendants

jointly and severally for:

      (l)     Compensatory damages;

      (2)     Punitive damages;

      (3)     Counsel fees and court costs; and

      (4)     Such other and further relief as this Court deems appropriate.

## COUNT II

### (Retaliation, Title VII, 42 U.S.C. §2000(e)-2(a)(1))

36.     Plaintiff hereby incorporates by reference paragraphs 1 through 35 above as though fully set forth herein.

37.     Plaintiff participated in an activity protected by federal law when she reported her coworker's claims of sexual harassment to Defendants.

38.     Plaintiff was subjected to adverse employment action as described herein, including her unlawful constructive discharge from her employment.

39.     Plaintiff was subjected to adverse employment action because of her participation in the protected activity of reporting said claim of sexual harassment.

40.     As a direct and proximate result of the Defendants' conduct, the Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain, and Plaintiff has and shall sustain monetary damages including attorneys' and related litigation costs and other damages to be established at the trial of this matter.

**WHEREFORE**, Plaintiff demands Judgment in her favor and against Defendants jointly and severally for:

      (l)     Compensatory damages;

      (2)     Punitive damages;

(3)    Counsel fees and court costs; and

(4)    Such other and further relief as this Court deems appropriate.

## COUNT III

**(Whistleblower, Pennsylvania Statutes Title 43 P.S. Labor § 1424 )**

41.    Plaintiff hereby incorporates by reference paragraphs 1 through 40 above as though fully set forth herein.

42.    During her employment Plaintiff had reported in good faith, verbally and/or in writing, instances of wrongdoing within the Sheriff's Office to Defendants.

43.    Plaintiff was subjected to adverse employment action as described herein, including her unlawful constructive discharge from her employment.

44.    Plaintiff was subjected to adverse employment action because of her good faith reporting of instances of wrongdoing.

45.    As a direct and proximate result of the Defendants' conduct, the Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain, and Plaintiff has and shall sustain monetary damages including attorneys' and related litigation costs and other damages to be established at the trial of this matter.

**WHEREFORE**, Plaintiff demands Judgment in her favor and against Defendants jointly and severally for:

(l)    Compensatory damages;

(2)    Punitive damages;

(3)    Counsel fees and court costs; and

(4)    Such other and further relief as this Court deems appropriate.

7

## COUNT IV

### (PA Human Rights Act, Pennsylvania Statutes Title 43 P.S. Labor § § 951-963)

46.     Plaintiff hereby incorporates by reference paragraphs 1 through 45 above as though fully set forth herein.

47.     Defendants discriminated against Plaintiff on the basis of her sex in violation of the Pennsylvania Human Rights Act, Pennsylvania Statutes Title 43 P.S. Labor § § 951-963.

48.     As a direct and proximate result of the Defendants' conduct, the Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain, and Plaintiff has and shall sustain monetary damages including attorneys' and related litigation costs and other damages to be established at the trial of this matter.

**WHEREFORE**, Plaintiff demands Judgment in her favor and against Defendants jointly and severally for:

(l)     Compensatory damages;

(2)     Punitive damages;

(3)     Counsel fees and court costs; and

(4)     Such other and further relief as this Court deems appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial (consisting of twelve jurors) in this action.


Respectfully submitted,


Dated: 10 February 2021                    Robert J. McNelly, Esquire
                                           Attorney I.D. 84898