IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOMMER MILLER, | : | |
| Plaintiff, | : : : | |
| v. | : : | 21-cv-619-CMR |
| THE CITY OF PHILADELPHIA, et al., | : : : | |
| Defendants. | : | |

## ANSWER

Defendants the City of Philadelphia and Sheriff Rochelle Bilal, by and through undersigned counsel, hereby answer Plaintiff's Amended Complaint as follows:

### JURISDICTION AND VENUE

1. Admitted.

2. Admitted.

### PARTIES

3. Admitted, upon information and belief.

4. Denied. These allegations are not factual in nature but conclusions of law to which no answer is required under the Federal Rules of Civil Procedure. Therefore, said allegations are denied.

5. Admitted.

6. Denied. The Office of the Sheriff is an operating department of the City of Philadelphia.

7. Admitted in part, denied in part. Admitted that Rochelle Bilal is the Sheriff of the County of Philadelphia. The remaining allegations in this paragraph are conclusions of law to

which no answer is required under the Federal Rules of Civil Procedure. Therefore, said allegations are denied.

8. The allegations in this paragraph are conclusions of law to which no answer is required under the Federal Rules of Civil Procedure. Therefore, said allegations are denied.

## COUNTER-STATEMENT OF FACTS

9. Admitted in part, denied in part. Plaintiff began her job as Undersheriff in January 2020. The remaining allegations are denied.

10. The allegations in this paragraph are conclusions of law to which no answer is required under the Federal Rules of Civil Procedure. Therefore, said allegations are denied.

11. The allegations in this paragraph are conclusions of law to which no answer is required under the Federal Rules of Civil Procedure. Therefore, said allegations are denied.

12. The allegations in this paragraph are conclusions of law to which no answer is required under the Federal Rules of Civil Procedure. Therefore, said allegations are denied.

13. Denied.

14. Denied.

15. Denied. Plaintiff was hired as the Undersheriff. The remaining allegations are not factual in nature but conclusions of law to which no answer is required under the Federal Rules of Civil Procedure. Therefore, said allegations are denied.

16. Denied. Plaintiff was hired as the Undersheriff, a position that does not include the duties described.

17. Denied as stated. By way of further response, Defendants are without sufficient knowledge to admit or deny these allegations and therefore said allegations are denied.

18. Denied. By way of further response, Defendants are without sufficient knowledge to admit or deny these allegations and therefore said allegations are denied.

19. Denied.

20. Denied as stated.

21. Denied.

22. Denied.

23. Denied. These allegations are not factual in nature but conclusions of law to which no answer is required under the Federal Rules of Civil Procedure. Therefore, said allegations are denied.

24. Denied.

25. Denied. By way of further response, Defendants are without sufficient knowledge to admit or deny these allegations and therefore said allegations are denied.

26. Denied.

27. Denied.

28. Denied. By way of further response, these allegations are not factual in nature but conclusions of law to which no answer is required under the Federal Rules of Civil Procedure. Therefore, said allegations are denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied. By way of further response, these allegations are not factual in nature but conclusions of law to which no answer is required under the Federal Rules of Civil Procedure. Therefore, said allegations are denied.

33. Denied. These allegations are not factual in nature but conclusions of law to which no answer is required under the Federal Rules of Civil Procedure. Therefore, said allegations are denied.

34. Denied. These allegations are not factual in nature but conclusions of law to which no answer is required under the Federal Rules of Civil Procedure. Therefore, said allegations are denied.

35. Denied. These allegations are not factual in nature but conclusions of law to which no answer is required under the Federal Rules of Civil Procedure. Therefore, said allegations are denied.

36. Denied. These allegations are not factual in nature but conclusions of law to which no answer is required under the Federal Rules of Civil Procedure. Therefore, said allegations are denied.

37. Denied. These allegations are not factual in nature but conclusions of law to which no answer is required under the Federal Rules of Civil Procedure. Therefore, said allegations are denied.

38. Denied. These allegations are not factual in nature but conclusions of law to which no answer is required under the Federal Rules of Civil Procedure. Therefore, said allegations are denied.

39. No response required. The exhibit speaks for itself.

## **COUNT I**

40. No response required.

41. Denied. These allegations are not factual in nature but conclusions of law to which no answer is required under the Federal Rules of Civil Procedure. Therefore, said allegations are denied.

42. Denied. These allegations are not factual in nature but conclusions of law to which no answer is required under the Federal Rules of Civil Procedure. Therefore, said allegations are denied.

The averments contained in this unnumbered paragraph constitute a request for damages to which no responsive pleading is required. It is specifically denied that any action or inaction of the City Defendants entitles Plaintiff to the relief requested.

## **COUNT II**

43. No response required.

44. Denied. These allegations are not factual in nature but conclusions of law to which no answer is required under the Federal Rules of Civil Procedure. Therefore, said allegations are denied.

45. Denied. These allegations are not factual in nature but conclusions of law to which no answer is required under the Federal Rules of Civil Procedure. Therefore, said allegations are denied.

46. Denied. These allegations are not factual in nature but conclusions of law to which no answer is required under the Federal Rules of Civil Procedure. Therefore, said allegations are denied.

47. Denied. These allegations are not factual in nature but conclusions of law to which no answer is required under the Federal Rules of Civil Procedure. Therefore, said allegations are denied.

The averments contained in this unnumbered paragraph constitute a request for damages to which no responsive pleading is required. It is specifically denied that any action or inaction of the City Defendants entitles Plaintiff to the relief requested.

## COUNT III

48. No response required.

49. Denied. These allegations are not factual in nature but conclusions of law to which no answer is required under the Federal Rules of Civil Procedure. Therefore, said allegations are denied.

50. Denied. These allegations are not factual in nature but conclusions of law to which no answer is required under the Federal Rules of Civil Procedure. Therefore, said allegations are denied.

51. Denied. These allegations are not factual in nature but conclusions of law to which no answer is required under the Federal Rules of Civil Procedure. Therefore, said allegations are denied.

52. Denied. These allegations are not factual in nature but conclusions of law to which no answer is required under the Federal Rules of Civil Procedure. Therefore, said allegations are denied.

The averments contained in this unnumbered paragraph constitute a request for damages to which no responsive pleading is required. It is specifically denied that any action or inaction of the City Defendants entitles Plaintiff to the relief requested.

## COUNT IV

53. No response required.

54. Denied. These allegations are not factual in nature but conclusions of law to which no answer is required under the Federal Rules of Civil Procedure. Therefore, said allegations are denied.

55. Denied. These allegations are not factual in nature but conclusions of law to which no answer is required under the Federal Rules of Civil Procedure. Therefore, said allegations are denied.

The averments contained in this unnumbered paragraph constitute a request for damages to which no responsive pleading is required. It is specifically denied that any action or inaction of the City Defendants entitles Plaintiff to the relief requested.

## DEFENDANTS' PRAYER FOR RELIEF

**WHEREFORE**, having fully answered and responded to the averments of Plaintiff's Complaint, Answering Defendants respectfully request that:

(a) Plaintiff's claims be dismissed, in their entirety and with prejudice;

(b) Each and every prayer for relief contained in the Complaint be denied;

(c) Judgment be entered in favor of Answering Defendants;

(d) All costs, including reasonable attorneys' fees, be awarded to Answering Defendants and against Plaintiff pursuant to applicable laws; and

(e) Answering Defendants be granted such other and/or additional relief this Court deems just and proper.

## JURY DEMAND

Answering Defendants demand a jury trial in this matter.

## **A F F I R M A T I V E   D E F E N S E S**

### **FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**

Answering Defendants assert all of the defenses, immunities, and limitations of damages available to it under the "Political Subdivision Tort Claims Act" and aver that Plaintiff's remedies are limited exclusively thereto. Act of Oct 5, 1980, No. 142, P.L. 693, 42 Pa. C.S.A. § 8541 et seq.

### **THIRD AFFIRMATIVE DEFENSE**

Answering Defendants have in place a strong policy against discrimination and Defendants otherwise exercised reasonable care to prevent and correct promptly any discrimination to which Plaintiff claims she was subjected, and Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Defendants or to avoid harm otherwise.

### **FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations and/or the doctrine of laches.

### **FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims under the PHRA are barred because Plaintiff failed to exhaust the applicable administrative remedies.

**WHEREFORE**, Answering Defendants deny that they are liable on the causes of action declared herein, and demand judgment in their favor plus interest and costs.

                                                               Respectfully submitted,

**CITY OF PHILADELPHIA LAW DEPARTMENT**

/s/ Daniel R. Unterburger
Daniel R. Unterburger
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA  19102
215.683.5080

Dated:  May 6, 2021                         daniel.unterburger@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOMMER MILLER, | : |
| Plaintiff, | : |
| v. | : 21-cv-619-CMR |
| THE CITY OF PHILADELPHIA, et al., | : |
| Defendants. | : |

## CERTIFICATE OF SERVICE

I, Daniel R. Unterburger, hereby certify that on this date I caused the foregoing Answer to Plaintiff's Amended Complaint to be filed electronically, where it is available for viewing and downloading.

Respectfully submitted,

**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**

/s/ Daniel R. Unterburger
Daniel R. Unterburger
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA  19102
215.683.5080
daniel.unterburger@phila.gov

Dated:  May 6, 2021